IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRANDON C. PATTERSON, | CASE NO. 5:21-cv-777 |
| Petitioner, | DISTRICT JUDGE JACK ZOUHARY |
| vs. | |
| WARDEN LASHANN EPPINGER,[1] | MAGISTRATE JUDGE JAMES E. GRIMES JR. |
| Respondent. | **REPORT & RECOMMENDATION** |

Pro se Petitioner Brandon C. Patterson filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. When he filed his Petition, Patterson was in custody at the Trumbull Correctional Institution due to a journal entry of sentence in the case *State v. Patterson*, Stark County Court of Common Pleas, Case No. 2009CR0136. This matter has been referred to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Petition be denied.

---

[1]    When Patterson filed his Petition, he was housed at the Trumbull Correctional Institution and named Warden LaShann Eppinger as the Respondent. After he filed his Petition, Patterson was moved to the Allen Correctional Institution. Doc. 4. And in May 2022, Patterson filed a Notice of Change of Address and listed a private address. Doc. 11.

**Summary of facts**

In habeas corpus proceedings brought by a person under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).

The Ohio Court of Appeals for the Fifth Appellate District summarized the facts underlying Patterson's conviction as follows:

> {¶1} On March 11, 2009, the Stark County Grand Jury indicted appellant, Brandon Patterson, on one count of attempted murder in violation of R.C. 2923.02(A) and 2903.02(B) with a firearm specification, two counts of felonious assault in violation of R.C. 2903.11 with a firearm specification, and one count of having a weapon while under a disability in violation of R.C. 2923.13. Said charges arose from an altercation at a party wherein Dominic Maddox was grazed by a bullet and Arthur Alston was shot.
>
> ***
>
> {¶21} It is uncontested that during the party, Mr. Alston was shot in the back and was seriously injured resulting in paralysis, and Mr. Maddox was grazed by a bullet resulting in wounds and scars. T. at 138, 140, 188-189, 197. Both men were shot at the same time by the same person.
>
> {¶22} Canton Police Detective Victor George interviewed the witnesses and determined a partygoer, Benjamin Blackwell, was not intoxicated, but the party host, Zachary Graham, was. T. at 325-326.
>
> {¶23} The incident began at a party at Mr. Graham's residence where Mr. Maddox and Mr. Alston, along

2

with another individual, Justin Flinger, arrived after midnight. T. at 133-134, 179. All three individuals were African-Americans, and the party was predominately young, Caucasian adults. T. at 134, 210, 212. Everyone became aware of a commotion in the kitchen and all went to the kitchen to see what was happening. T. at 136, 184, 212, 243. Mr. Blackwell testified the kitchen was "full to its capacity of people," and he observed Mr. Alston involved in a disturbance with appellant. T. at 244, 246-247. An attempt was made to break up the disturbance. T. at 137, 186, 213. Thereafter, shots rang out and Mr. Alston was shot in the back and fell to the floor and Mr. Maddox was grazed by a bullet. T. at 138, 188. Of all the witnesses that testified, no one but Mr. Blackwell saw who the shooter was, and he identified appellant as the shooter. T. at 248, 256; State's Exhibit 1. Mr. Blackwell testified he observed appellant with a revolver, saw him pull it out, and shoot Mr. Alston. T. at 246-250. Mr. Blackwell stated he was within two feet of appellant, "I could have reached out and touched the gun." T at 250. Mr. Alston and Mr. Maddox identified appellant via a photo array as the person who had the firearm in the kitchen. T. at 142, 154-155, 199-200.

*State v. Patterson*, No. 2009CA00142, 2010 WL 2595181, at *1, 2 (Ohio Ct. App. June 28, 2010).

**Procedural background**

*1.    Trial court proceedings*

In February 2009, the Stark County Grand Jury issued an indictment charging Patterson with count one, attempted murder of Alston; count two, felonious assault of Alston; and count three, felonious assault of Maddox, all with firearm specifications. Doc. 5-1, at 9–11 (Exhibit 1). The grand jury also

indicted Patterson on count four, having a weapon under a disability. *Id*. Patterson, through counsel, pleaded not guilty. *Id*. at 12 (Exhibit 2).

The case proceeded to trial. In May 2009, a jury found Patterson guilty as charged. Doc. 5-1, at 13 (Exhibit 2). At sentencing, the trial court sentenced Patterson to ten years in prison on count one and three years for the attendant firearm specification, to run consecutively. Doc. 5-1, at 17; Doc. 5-2, at 465 (sentencing transcript). The court stated that Patterson was to serve three years on count two and three years for the attendant firearm specification, to run concurrent to the sentence in count one, and then merged count two with count one. Doc. 5-2, at 465; Doc. 5-1, at 16. The court sentenced Patterson to three years on count three and three years for the attendant firearm specification, to run consecutively. Doc. 5-1, at 17. And the court sentenced Patterson to one year on count four. *Id*. The sentences on counts one, three, and four were to run consecutively for a total of 20 years in prison. *Id*. at 18.

2. *Direct appeal*

Patterson, through new counsel, appealed to the Ohio Court of Appeals for the Fifth Appellate District. Doc. 5-1, at 20 (Exhibit 4). In his brief, he raised the following assignments of error:

> 1. The trial court's finding of guilt is against the manifest weight and sufficiency of the evidence.
>
> 2. Appellant was denied his rights to due process and of assistance of counsel because his trial counsel provided ineffective assistance.

4

> 3. The trial court erred in failing to suppress the
> unnecessarily suggestive photograph identification
> line up.

> 4. The trial court erred in failing to grant a mistrial
> sua sponte when testimony was presented in
> violation of the Appellant's Fifth Amendment rights.

Doc. 5-1, at 22. In June 2010, the Ohio court of appeals affirmed the trial court's

judgment. *Id*. at 97–109 (Exhibit 7).

In August 2010, Patterson appealed to the Ohio Supreme Court. Doc. 5-

1, at 111 (Exhibits 8). In his memorandum in support of jurisdiction, Patterson

set forth the following proposition of law:

> When the performance of trial counsel is deficient
> and the defendant is prejudiced thereby, the
> defendant is denied the right to effective assistance
> of counsel. 6th & 14th Amendments, U.S. Const.[2]

Doc. 5-1, at 115 (Exhibit 9). In October 2010, the Ohio Supreme Court denied

Patterson leave to appeal and dismissed his appeal as not involving any

substantial constitutional question. *Id*. at 136 (Exhibit 10).

*3.    First federal habeas petition*

In May 2011, Patterson filed a pro se federal habeas corpus petition

under 28 U.S.C. § 2254 and raised the following grounds for relief:

> **Ground one**: Denied the right to effective
> assistance of counsil.

> **Ground two**: Trial court erred in failing to suppress
> the    unecessarily    suggestive    photograph
> identification line-up.

---

[2]    In this report and recommendation, I've reproduced Patterson's
assignments of error and grounds for relief as written.

>       **Ground three**: Trial court erred in failing to grant a mistrial sua sponte when testimony was presented in violation of the appellant's Fifth Amendment rights.
>
>       **Ground four**: Trial court's finding of guilt is against the manifest weight and sufficiency of the evidence.

Doc. 5-1, at 141–45 (Exhibit 11). In February 2012, the District Court denied Patterson's petition because the first ground lacked merit and the remaining grounds were procedurally defaulted. *Id.* at 153–158 (Exhibit 12).

>    *4.     Motion to correct sentence*

In October 2014, Patterson filed under Ohio Criminal Rule 36 an "Application on motion for a correction of sentence order and termination order." Doc. 5-1, at 159 (Exhibit 13). Patterson raised the following issues:

>       1.  Whether imposition of felony sanctions for individual criminal offenses are mandatory?
>
>       2.  Whether individual sanctions invalidates journal entries failure to state sequence of execution of punishments and penalties?

Doc. 5-1, at 161. In November 2014, the trial court overruled Patterson's motion. Doc. 5-1, at 172 (Exhibit 14).

In December 2014, Patterson appealed to the Ohio Court of Appeals for the Fifth Appellate District. Doc. 5-1, at 173 (Exhibit 15). In his brief, Patterson raised two assignments of error:

>       1.  Trial court violated defendants right to U.S. Amend. 5th, 6th, & 14th, & Oh. Const. Art. 1, § 10 & 16, when it failed to correct the absence of statutory

6

> mandated sanctions & the improper "sentencing package" construction of journal entry.
>
> 2. Trial court violated defendants right to U.S. Amend. 5th, 6th, & 14th, & OH. Const. Art. 1, § 10 & 16, when it failed to correct the ambiguous journal entry.

*Id*. at 180 (Exhibit 16). The state filed a brief opposing Patterson's assignments of error. *Id*. at 197 (Exhibit 17). The state also advised that the case should be remanded for resentencing to reflect that the five-year post-release control portion of Patterson's sentence was mandatory, not discretionary. *Id*. at 202 Patterson filed a reply brief. *Id*. at 223 (Exhibit 18). In May 2015, the Ohio court of appeals denied Patterson's assignments of error but remanded the case to the trial court for resentencing "for the proper imposition of post-release control." *Id*. at 235 (Exhibit 19).

Patterson filed a motion for reconsideration, citing the Ohio Supreme Court's then-recent decision in *State v. Nolan*, 25 N.E.3d 1016 (Ohio 2014), which held that attempted felony murder is not a cognizable crime. Doc. 5-1, at 238 (Exhibit 20). Patterson argued that his conviction on count one, attempted felony murder, therefore was "void, voidable, or a nullity." *Id*. at 240. The Ohio court of appeals denied Patterson's motion for reconsideration. *Id*. at 248 (Exhibit 21).

In July 2015, Patterson appealed to the Ohio Supreme Court. Doc. 5-1, at 249 (Exhibit 22). In his memorandum in support of jurisdiction, Patterson set forth the following proposition of law:

7

> Post-release Control is prohibited in operation of law when the felony of conviction and sentence is not a cognizable crime in Ohio under O.R.C. § 2903.02(B) and R.C. 2923.02.
>
> Issue presented: A firearm specification imposed and completed to a void conviction/sentence retain credit for time served pursuant to R.C. § 2967.191 as a matter of law.
>
> Issue presented: A Court must apply law of the Supreme Court of Ohio to applicable hearings for purpose of Due Process of Law and Equal Protection Under the Law, to prevent a miscarriage of justice.

Doc. 5-1, at 252 (Exhibit 23). In September 2015, the Ohio Supreme Court declined under its rule of practice 7.08(B)(4) to accept jurisdiction of Patterson's appeal. *Id.* at 274 (Exhibit 24).

5.  *2015 Resentencing*

In May 2015, the trial court held a resentencing hearing to notify Patterson that he was subject to a mandatory five-year term of post-release control. Doc. 5-1, at 277 (Exhibit 25); Doc. 5-2, at 471. The trial court issued a sentencing entry in June 2015 stating that count two "was merged into" count three. Doc. 5-1, at 276.

In late June 2015, Patterson, pro se, appealed to the Ohio Court of Appeals for the Fifth Appellate District. Doc. 5-1, at 279 (Exhibit 26). In his brief, he raised the following assignments of error:

> 1. The trial court abused its discretion by reimposing punishments, on a conviction and a sentence, to a crime not cognizable in Ohio, warranting a vacatur order.

8

2. The trial court lacked subject-matter jurisdiction over the person, when postrelease control had expired prior to reimposing a sanction and/or a combination of sanctions, resulting in a void, voidable, or nullity of a conviction and sentence.

3. The trial court abused its discretion when vacating a prior judgment by leave of court, without crediting jail-time credit and the credit for time served, while awaiting re-sentencing as substantial right.

Doc. 5-1, at 283–84 (Exhibit 27). The state filed an opposition brief and Patterson replied. *Id.* at 310, 321 (Exhibits 28, 29). In October 2015, the Ohio court of appeals overruled Patterson's assignments of error, finding that they were barred by the doctrine of res judicata "and the finality of appellate judgments." *Id.* at 335 (Exhibit 30).

In November 2015, Patterson appealed to the Ohio Supreme Court. Doc. 5-1, at 334 (Exhibit 31). In his memorandum in support of jurisdiction, Patterson set forth the following propositions of law:

1. Did the trial court and appellate court error when they maintained Appellant's conviction and PRC for an offense that is not cognizable in Ohio under Supreme Court of Ohio's decision in *State v. Nolan*?

2. Is post-release control prohibited in operation of law when the felony of conviction and sentence is not a cognizable crime in Ohio under R.C. 2923.02 (A) — R.C. 2903.02(B)?

3. Did the trial court fail to satisfy the requirements of R.C. 2929.14(C)(4), while at a May 27, 2015, hearing, when the trial court simply adopted an original sentence imposed on defendant in 2009, and failed to address the mandatory issue of the

9

> requirement to make the appropriate findings prior
> to the imposition of consecutive sentences?

*Id*. at 341 (Exhibit 32). In January 2016, the Ohio Supreme Court declined under its rule of practice 7.08(B)(4) to accept jurisdiction of Patterson's appeal. *Id*. at 374 (Exhibit 34). Patterson filed a motion for reconsideration, which the Ohio Supreme Court denied. *Id*. at 375, 380 (Exhibits 35, 36).

> 6.    *Nunc pro tunc sentencing entries*

In July 2017, the trial court issued two nunc pro tunc judgment entries as to its May 2009 sentencing and June 2015 resentencing entries. Doc. 5-1, at 477 (Exhibit 38); 492 (Exhibit 39). The court's sentence on count one and the firearm specification remained the same. *Id*. at 480, 493. The court wrote that Patterson was to serve three years on count two and that the firearm specification on count two merged with the firearm specification on count one. *Id*. at 480, 494. The court then wrote that the sentences in counts one and two were to run concurrently. *Id*. at 481, 494.  Patterson's sentences on counts three and four remained the same, as did Patterson's total sentence of 20 years in prison. *Id*. at 481, 494.

In August 2017, Patterson appealed to the Ohio Court of Appeals. Doc. 5-1, at 501 (Exhibit 40.) In his brief, Patterson raised the following assignment of error:

> The trial court erred when it issued a nunc pro tunc
> entry that does not reflect the record for the original
> journal entry for May 19, 2009, due to the trial court
> making substantive changes that are in direct
> disagreement with the Fifth District Court of

10

> Appeals and is, in fact, a new judgment violating Appellant's substantial rights protected by Due Process and Double Jeopardy Clause under the United States Constitutions, Fifth and Fourteenth Amendment and the Ohio Constitution Article One, sections Ten and Sixteen.

Doc. 5-1, at 508 (Exhibit 41). The state filed a motion to dismiss, *id*. at 521 (Exhibit 42), and Patterson filed a reply, *id*. at 538 (Exhibit 43). The Ohio court of appeals denied the state's motion to dismiss. *Id*. at 546 (Exhibit 44).

The state then filed a brief opposing Patterson's assignment of error. Doc. 5-1, at 547 (Exhibit 45). In December 2017, the Ohio court of appeals overruled Patterson's assignment of error. *Id*. at 584 (Exhibits 55). Patterson filed a motion for reconsideration, which the court denied. *Id*. at 595, 613 (Exhibits 57, 59).

In January 2018, Patterson appealed to the Ohio Supreme Court. Doc. 5-1, at 615 (Exhibit 60). In his memorandum in support of jurisdiction, Patterson raised two propositions of law:

> 1. Does a trial court err to a defendant's prejudice when it issues a "*nunc pro tunc*" entry that does not reflect what occurred in the proceeding, acting without jurisdiction, and which makes substantive changes to the judgment resulting in a violation of the Due Process and Double Jeopardy Clauses of the United States Constitution's Fifth and Fourteenth Amendments?

> 2. Does an appellate court err to the prejudice of an appellant when it issues a judgment in conflict with its prior judgment in violation of the law of the case doctrine?

Doc. 5-1, at 618 (Exhibit 61). In May 2018, the Ohio Supreme Court declined under its rule of practice 7.08(B)(4) to accept jurisdiction of Patterson's appeal. *Id*. at 701 (Exhibit 67). Patterson filed a motion for reconsideration, which the Ohio Supreme Court denied. *Id*. at 697, 702 (Exhibits 68, 70).

   *7. Second federal habeas petition*

  In January 2017, Patterson filed a second federal habeas corpus petition under 28 U.S.C. § 2254. Doc. 5-1, at 1092. He raised the following grounds for relief:

> **Ground one**: Petitioner was denied and deprived of his rights to the Fourteenth Amendment section one Due Process Clause and the Eighth Amendment Clause against Cruel and Unusual Punishment when the trial court re-sentenced petitioner to a ten year term for statues R.C. 2903.02(B) and R.C. 2923.02(A), attempted felony murder and to the offense specific three year term for the statute R.C. 2941.145, and to a mandatory five year term of supervision pursuant to R.C. 2967.28, maintaining a conviction and post release control for an offense that is not a cognizable crime in Ohio under the Supreme Court of Ohio decision in *State v. Nolan*, 141 Ohio St. 3d 454, 2014-Ohio-4800, 25 N.E. 3d 1016.
>
>  *Supporting facts*: Petitioner was wrongfully convicted of attempted felony murder which has been determined by the Ohio Supreme Court as not being a cognizable crime under Ohio law. Petitioner underwent a re-sentencing, wherein the court was asked to correct his obvious error but was denied.
>
> **Ground two**: Petitioner was denied and deprived of his rights to the Fourteenth Amendment Section One Due Process Clause when the trial court imposed a sentence that is unauthorized by law when petitioner was re-sentenced.

>    *Supporting fact*s: Petitioner underwent a re-
>    sentencing in which the trial court failed to make the
>    required findings before imposing consecutive
>    sentences.

Doc. 5-1, at 1096–97, 1105. In August 2019, the District Court dismissed

without prejudice Patterson's petition as unexhausted. *Id*. at 1136.

   8.   *State habeas corpus petition*

   Meanwhile, in July 2016, Patterson filed in the Ohio Court of Appeals

for the Eleventh Appellate District a state petition for a writ of habeas corpus

under Ohio Revised Code 2725.01. Doc. 5-1, at 381 (Exhibit 37). Patterson

challenged his conviction and sentence on count one based on the Ohio

Supreme Court's decision in *State v. Nolon*. *Id*. at 391. In March 2019, the Ohio

court of appeals entered judgment in favor of Patterson and issued the writ.

*Id*. at 979 (Exhibit 100). The court explained that under *State v. Nolon*,

attempted felony murder is not a crime under Ohio law. *Id*. at 982. So the court

vacated Patterson's conviction on count one for attempted felony murder and

the attendant firearm specification. *Id*. at 987. The court commented on the

trial court's conflicting resentencing and nunc pro tunc entries; ordered the

trial court to resolve those issues; and, depending on its resolution, to

resentence Patterson on count two and the accompanying firearm

specification.

13

9.   *2019 Resentencing*

In April 2019, the trial court held a resentencing hearing. Doc. 5-1, at 734 (Exhibit 72); Doc. 5-2, at 474, 499 (transcript). The court sentenced Patterson to four years in prison on count two and three years for the attendant firearm specification, to run consecutively with each other and Patterson's remaining sentences on counts three and four, for a total of 14 years in prison. Doc. 5-1, at 736–37.

In July 2019, Patterson appealed to the Ohio Court of Appeals for the Fifth Appellate District. Doc. 5-1, at 818 (Exhibit 85). In his brief, he raised the following assignments of error:

> 1. Did the trial court exceed its jurisdiction by conducting a de novo resentencing hearing on Count Two, felonious assault, pursuant to R.C.2903.11(A)(1) and/or (A)(2)?
>
> 2. Did the trial court impose a sentence contrary to law by improperly employing the sentencing package doctrine in violation of the U.S. Const. Amend. V and XIV, Art. I, § 1, and the Oh. Const. V and XVI, and R.C.2953.08?
>
> 3. Did the trial court violate the Defendant's right to due process when the original judge resentenced the Defendant to a presumptively vindictive, Pearce, 395 U.S. 711, 726, harsher sentence [on Count Two] with no objective information on the record?
>
> 4."Did the trial court consider and properly, apply the statutory guidelines, pursuant to R.C. 2929.12, and R.C. 2929.14(C)(4), when exercising discretion to impose a consecutive sentence for Count Two, felonious assault?"

14

Doc. 5-1, at 822–23 (Exhibit 86). In December 2019, the Ohio court of appeals affirmed the trial court's judgment. *Id*. at 882–91 (Exhibit 88). Patterson filed a motion for reconsideration, which the court denied. *Id*. at 893, 897 (Exhibits 90, 91).

In January 2020, Patterson appealed to the Ohio Supreme Court. Doc. 5-1, at 899 (Exhibit 92). In his memorandum in support of jurisdiction, Patterson raised the following propositions of law:

> 1. A trial court is prohibited by double jeopardy restrictions from increasing a lawful sentence after defendant has served part of that sentence.
>
> 2. A court is not permitted to conduct a de novo resentencing for any offenses not affected by the appealed error. Therefore, offenses that were unaffected or not vacated are not subject to review because the sentencing package doctrine is inapplicable to Ohio's sentencing scheme.
>
> 3. A court's actions are presumptively vindictive when, after a successful appeal the same judge imposes an increased harsher sentence without placing objective information on the record to rebut the presumption.
>
> 4. Appellate courts are required to consider appealed sentencing errors and correct the absence of mandatory findings pursuant to 2929.14(C)(4), when exercising discretion to modify a consecutive sentence.

Doc. 5-1, at 902 (Exhibit 93). In April 2020, the Ohio Supreme Court declined under its rule of practice 7.08(B)(4) to accept jurisdiction of Patterson's appeal. *Id*. at 957 (Exhibit 95).

15

10.    *Motions for judicial release*

Between June 2019 and May 2020, Patterson filed in the trial court four motions for judicial release. Doc. 5-1, at 775, 795, 803, 810 (Exhibits 75, 79, 81, 83). The court denied all of them. *Id*. at 784, 802, 809, 817 (Exhibits 76, 80, 82, 84).

11.    *Second state habeas corpus petition*

In July 2020, Patterson filed in the Ohio Supreme Court under Ohio Revised Code § 2725.01 and Supreme Court Practice Rule 12.01(B) a state habeas corpus petition. Doc. 5-1, at 990 (Exhibit 101). Patterson argued that the trial court had no authority to resentence him in 2019 because, by then, Patterson's sentence had expired. *Id*. at 998–1004. In September 2020, the Ohio Supreme Court sua sponte dismissed Patterson's petition and Patterson's motion to amend his petition. *Id*. at 1090 (Exhibit 102). In November 2020, the Ohio Supreme Court denied Patterson's motion for reconsideration and motion requesting findings of facts and conclusions of law. *Id*. at 1091 (Exhibit 103).

12.    *Third federal habeas petition*

In April 2021, Patterson filed his third and present federal habeas corpus petition under 28 U.S.C. § 2254. Doc. 1. He also filed an "Appendix," which includes his grounds for relief and supporting facts. Doc. 1-1. Patterson raises the following grounds for relief:

> **Ground one**: Petitioner's right to finality and protection against multiple criminal punishments for the same offense in successive proceedings were violated when a sentence was imposed following the

16

expiration of his stated term in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable through the Fourteenth Amendment to the United States Constitution.

*Supporting facts*: The trial court judge John G. Haas on April 11, 2019, resentenced Petitioner after the expiration of his stated prison term for counts two, three, four, and an attendant firearm specification sanction. The sentence for the aforesaid counts expired on or about January 16, 2019, ten-years after Petitioner was taken into custody on January 9, 2009, in Corpus Christi, Nueces County, Texas. Therefore, the March 4, 2019, judgment by the Eleventh Appellate District Court, Trumbull County, ordered a resentencing hearing about ___ days after the expiration of the Petitioner's lawful sentences.

**Ground two**: Petitioner's rights to finality and protections against multiple punishments for the same offense in successive proceedings were violated when the trial court imposed a sentence for a second time, for count two (felonious assault), after the expiration of the stated prison term. This act was in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, applicable through the Fourteenth Amendment to the United States Constitution.

*Supporting facts*: The trial court judge John G. Haas on April 11, 2019, resentenced Petitioner a second time for count two (felonious assault).

**Ground three**: Petitioner's right to due process of law was violated when the same sentencer imposed an increased presumptively vindictive sentence for count two (felonious assault), without placing objective information on the record. North Carolina v. Pearce, 395 U.S. 711, 724, 89 S.Ct. 2072; Wasman v. United States, 468 U.S. 559, 570, 104 S. Ct. 3217; U.S. Constitution Amendment 5, applicable through the 14 Amendment, § 1.

*Supporting facts*: On April 11, 2019, the judge John G. Haas resentenced Petitioner to an increased sentence on count two (felonious assault) without placing objective information on the record to support the increase of the sentence. United States v. Rapal (9th Cir. 1998), 146 F.3d 661, 664; United States v. Jackson (6th Cir. 1999), 181 F.3d 740, 747.

**Ground four**: Petitioner's rights to due process and Equal Protections under the law were violated when the trial court conducted a de novo resentencing on an undisturbed conviction. U.S. Constitution Amendment 5, applicable through the U.S. Constitution Amendment 14, § 1.

*Supporting facts*: Following the remand, on April 11, 2019, the trial court judge John G. Haas resentenced on count two (felonious assault), an undisturbed conviction.

Doc. 1, at 5, 7, 8, 10; Doc. 1-1, at 6, 11, 12, 14. The Warden filed a Return of Writ, Doc. 5, Patterson filed a Traverse, Doc. 8, and the Warden filed a Reply, Doc. 9. I ordered supplemental briefing, Doc. 15, which the Warden provided, Doc. 16.

**Legal Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 ("AEDPA"), petitioners must meet certain procedural requirements to have their claims reviewed in federal court. *Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 430 (6th Cir. 2006). "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." *Daniels v. United States*, 532 U.S. 374, 381

(2001). Although procedural default is sometimes confused with exhaustion, exhaustion and procedural default are distinct concepts. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). Failure to exhaust applies when state remedies are "still available at the time of the federal petition." *Id.* (quoting *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). But when state court remedies are no longer available, procedural default rather than exhaustion applies. *Id.*

*Exhaustion*

A federal court may not grant a writ of habeas corpus unless the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A). A state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b),(c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *see also Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006) ("Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts") (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)). A constitutional claim for relief must be presented to the state's highest court to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). And a habeas petitioner must present both the factual and legal underpinnings of the claims to the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). This means that the "petitioner

must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).

### *Procedural default*

Procedural default may occur in two ways. *Williams*, 460 F.3d at 806. First, a petitioner procedurally defaults a claim by failing "to comply with state procedural rules in presenting [the] claim to the appropriate state court." *Id*. In *Maupin v. Smith*, the Sixth Circuit provided four prongs of analysis to be used when determining whether a claim is barred on habeas corpus review due to a petitioner's failure to comply with a state procedural rule: whether (1) there is a state procedural rule applicable to the petitioner's claim and whether the petitioner failed to comply with that rule; (2) the state court enforced the procedural rule; (3) the state procedural rule is an adequate and independent state ground on which the state can foreclose review of the federal constitutional claim; and (4) the petitioner can demonstrate cause for failing to follow the rule and actual prejudice by the alleged constitutional error. 785 F.2d 135, 138 (6th Cir. 1986); *see also Williams*, 460 F.3d at 806 ("If, due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.") (citing *Maupin*, 785 F.2d at 138).

20

Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures.'" *Williams*, 460 F.3d at 806 (citing *O'Sullivan*, 526 U.S. at 848). "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted." *Id.* While the exhaustion requirement is satisfied because there are no longer any state remedies available to the petitioner, *see Coleman v. Thompson*, 501 U.S. 722, 732 (1991), the petitioner's failure to have the federal claims considered in the state courts constitutes a procedural default of those claims that bars federal court review. *Williams*, 460 F.3d at 806.

To overcome a procedural bar, petitioners must show cause for the default and actual prejudice that resulted from the alleged violation of federal law that forms the basis of their challenge, or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750.

*Merits review*

To obtain habeas relief under 28 U.S.C. § 2254, a petitioner must show either that the state court decision (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court ("contrary to" clause); or (2) resulted in a decision that was based on an unreasonable determination of the

21

facts in light of the evidence presented in the state court proceedings ("unreasonable application" clause). 28 U.S.C. § 2254(d).

Under the *contrary to* clause, a federal habeas court may grant a writ if the state court "arrives at a conclusion opposite to that reached by the [United States Supreme] Court on a question of law or [based on] a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000). Under the *unreasonable application* clause, a federal habeas court may grant the writ "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "Clearly established federal law" refers to the holdings, not dicta, of the Supreme Court's decisions as of the time of the relevant state court decision, and legal principles and standards flowing from Supreme Court precedent. *Id.* at 412; *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005). A state court is not required to cite Supreme Court precedent or reflect an awareness of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts" such precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002); *Lopez v. Wilson*, 426 F.3d 339, 358 (6th Cir. 2005). If the Supreme Court has not addressed the petitioner's specific claims, a reviewing district court cannot find that a state court acted *contrary to*, or *unreasonably applied*, Supreme Court precedent or clearly established federal law. *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *White v. Woodall*, 572 U.S. 415, 426 (2014) ("Section 2254(d)(1) provides a remedy for instances in

which a state court unreasonably applies this Court's precedent; it does not require state courts to *extend* that precedent or license federal courts to treat the failure to do so as error.").

In determining whether the state court's decision involved an *unreasonable application* of law, the court uses an objective standard. *Williams*, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas review so long as 'fair-minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011). "A state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

**Discussion**

In all four grounds for relief Patterson challenges the trial court's 2019 resentencing on count two. Patterson raises different theories about why he believes that resentencing was unconstitutional, which are difficult to distinguish from one another. But they boil down to these three theories corresponding to the following three grounds: one, Patterson's sentence had already expired when he was resentenced; two, Patterson's original sentence remained intact and was not void; and three, the trial court increased

23

Patterson's sentence.[3] Because the lion's share of these arguments stem from Patterson's assertion that his sentence was not void, I start with Ground two and continue from there in chronological order.

*Ground Two fails on the merits*

As I mentioned, it is not entirely clear what Patterson alleges in Ground two. In his Petition, Patterson doesn't describe Ground two with particularity. Doc. 1, at 7. Instead, he references the "Appendix pg. A10–11." *Id*. In his Appendix at those pages, Patterson's "Ground two" heading alleges that the trial court violated the Double Jeopardy Clause when it resentenced Patterson in April 2019, after Patterson's original sentence had already expired. Doc. 1-1, at 11–12; *see also* Doc. 8, at 20 (Patterson's Traverse stating that the trial court violated the Double Jeopardy Clause when it resentenced Patterson after Patterson's sentence had already expired). That is the same claim that Patterson raises in Ground one, *infra*.

But in his Petition, Patterson states that he raised Ground two on direct appeal and *not* in a state habeas corpus petition, Doc. 1, at 7; Doc. 1-1, at 11, whereas the opposite is true with Ground one—Patterson raised that claim in a state habeas corpus petition and not on direct appeal, Doc. 1, at 5–6. The Warden characterizes Ground two as a claim that Patterson raised on direct appeal from his 2019 resentencing—that the trial court violated the Double

---

[3]      Ground four contains a blend of the theories alleged in the first three grounds. Doc. 8, at 9, 11–12, 14–16.

Jeopardy Clause when it resentenced Patterson to four years on count two in April 2019. Doc. 5, at 28–30; *see also* Doc. 5-1, at 828–30 (Patterson's appellate brief in which he argued that the trial court didn't have jurisdiction to resentence him on count two because Patterson had only challenged his conviction on count one). In his Traverse, Patterson doesn't dispute the Warden's characterization of Ground two. Doc. 8, at 20. So I consider Ground two as the Warden described it and the Ohio court of appeals considered it on direct appeal—the trial court violated the Double Jeopardy Clause when it resentenced Patterson on count two because the Ohio court of appeals' remand order only covered count one.[4] Doc. 5, at 28–30; Doc. 8, at 20–21.

The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal," "against a second prosecution for the same offense after conviction," and "against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Patterson's claim implicates the prohibition against multiple punishments for the same offence. The Ohio court of appeals considered Patterson's claim as follows:

> {¶8} In his first assignment of error, Appellant argues his previously imposed sentence of three years incarceration on count two, felonious assault, ordered to run concurrently with count one, attempted felony murder, was not affected by the remand and could not be increased to four years. He

---

[4]     To the extent that Patterson argues in support of Ground two that the trial court had no authority to increase his sentence under *North Carolina v. Pearce*, 395 U.S. 711 (1969), Doc. 8, at 25, I consider that issue when discussing Ground three.

further argues the imposition of a new sentence on this count violates the double jeopardy clause.

{¶9} Pursuant to *State v. Williams*, 148 Ohio St. 3d 403, 2016-Ohio-7658, 71 N.E.3d 234, Appellant's sentence for count two of felonious assault, which as an allied offense merged into count one of attempted felony murder, was void. Having vacated as void the sentence for attempted felony murder which count two of felonious assault had merged into, the Eleventh District Court of Appeals remanded the matter for resentencing on count two. A remand for a new sentencing hearing generally anticipates a de novo sentencing hearing. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15. During a de novo resentencing, the trial court is free to impose the identical sentence which was originally imposed, or a greater or lesser sentence within its discretion. *State v. Jackson*, 8th Dist. Cuyahoga No. 92365, 2009-Ohio-4995, ¶ 9.

{¶10} We find the trial court was free to impose a greater sentence than the three year sentence, which was rendered void, it had previously imposed for felonious assault.

{¶11} Further, we find no double jeopardy violation because Appellant's previous sentence for felonious assault was void. Jeopardy does not attach to a void sentence. *State v. Jordan*, 104 Ohio St. 3d 21, 2004-Ohio-6085, 817 N.E.2d 864, ¶25.

{¶12} Appellant's first assignment of error is overruled.

*State v. Patterson*, No. 2019CA00110, 2019 WL 6834840, at *2–3 (Ohio Ct. App. Dec. 9, 2019).

Paterson argues that "the record lacks a determination, by the trial court, as to whether the sentences for Count One and Count Two were 'interdependent sentences'" and that "[i]t is evident from the record, prior to

the resentencing hearing," that the trial court ordered the sentences in counts one and two to run concurrently. Doc. 8, at 21. Patterson concludes, "the appellate court's holding, that the sentence for Count Two felonious assault being void is erroneous, without authority, and deprives him constitutional rights to finality and double jeopardy protections." *Id*.

First up is Patterson's assertion that the record doesn't support the Ohio court of appeals' finding that Patterson's sentence on count two was void. Doc. 8, at 21. Under 28 U.S.C. § 2254(e)(1), this Court presumes that the state court made correct findings of fact and Patterson must show clear and convincing evidence to rebut that presumption. *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *see also Griffin v. Buchanan*, No. 19-3858, 852 F. App'x 199, 204 (6th Cir. April 20, 2021). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)). Instead, "the record must '*compel* the conclusion that the [state] court had no permissible alternative' but to arrive at the contrary conclusion." *Carter v. Bogan*, 900 F.3d 754, 768 (6th Cir. 2018) (quoting *Rice v. Collins*, 546 U.S. 333, 341–42 (2006)). Finally, the petitioner must show that the relevant state court's decision was "'based on' that unreasonable [factual] determination." *Carter*, 900 F.3d at 768 (citing *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011)).

Patterson doesn't show that the Ohio court of appeals' factual determination, which served as the basis for the court finding that count two was void, was unreasonable.[5] *See Burt*, 571 U.S. at 18. The Ohio court of appeals relied on state law to find that counts one and two were allied offences. *Patterson*, 2019 WL 6834840, at *1 (citing *State v. Williams*, 71 N.E.3d 234 (Ohio 2016)). In *Williams*, the Ohio Supreme Court wrote:

> when a trial court concludes that an accused has in fact been found guilty of allied offenses of similar import, it cannot impose a separate sentence for each offense. Rather, the court has a mandatory duty to merge the allied offenses by imposing a single sentence, and the imposition of separate sentences for those offenses—even if imposed concurrently—is contrary to law because of the mandate of R.C. 2941.25(A). In the absence of a statutory remedy, those sentences are void. [*State v.*] *Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, at ¶ 25.

*Williams*, 71 N.E.3d at 240[6]; *see also State v. Gapen*, 819 N.E.2d 1047, 1071 (Ohio 2004). At the sentencing hearing, the trial court sentenced Patterson to ten years on count one, attempted murder of Alston and the attendant firearm specification. Doc. 5-2, at 465. As to count two, felonious assault of Alston and an attendant firearm specification, the trial court stated:

---

[5]     The "presumption [in Section 2254(e)(1)] also applies to the factual findings that the state appellate court makes on its review of the state trial record." *Johnson v. Bell*, 525 F.3d 466, 474 (6th Cir. 2008).

[6]     In 2020, the Ohio Supreme Court abrogated *Williams* and held that a sentencing error, with few exceptions, is voidable, not void. *See State v. Henderson*, 162 N.E.3d 776, 788 (Ohio 2020).

> Now, as it relates to the felonious assault for the same victim, it arose out of the same conduct technically because there were two shots. There could be a separate sentence for this, but the Court is going to make the sentence concurrent as it relates to that felonious assault of three years for the felonious assault and three years for the gun spec to be merged with the attempted murder.

Doc. 5-2, at 465. The trial court's statement supports the Ohio court of appeals' finding that, under Ohio law, count two was an allied offence. *See also* Ohio Rev. Code § 2941.25(A) ("Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."). That is also reflected in the trial court's 2009 sentencing entry stating that count two merged with count one. Doc. 5-1, at 16; *see also Patterson*, 2015 WL 2058968, at *2 (stating that "the trial court's sentence, both on the record and in the May 19, 2009 judgment entry," merged counts one and two); *Patterson v. Bracy*, 132 N.E.3d 1115, 1121 (Ohio Ct. App. 2019) ("It is clear that count two, felonious assault, and the accompanying firearm specification cannot [now] merge with the void conviction on count one as ordered in the first sentencing entry.").

Patterson argues that the trial court issued two nunc pro tunc entries in July 2017 that characterized the 2009 sentence differently, and that later in 2017 the Ohio Court of Appeals for the Fifth District of Ohio upheld those nunc

29

pro tunc entries.[7] Doc. 8, at 20–21 (citing Doc. 5-1, at 584–92); *State v. Patterson*, No. 2017CA00153, 2017 WL 6381685 (Ohio Ct. App. Dec. 11, 2017). But Patterson also concedes that the validity of the 2017 nunc pro tunc entries was questioned in 2019 by the Ohio Court of Appeals for the Eleventh District of Ohio. Doc. 8, at 21. That appellate court wrote that "[a]n issue remains as to whether this is a proper nunc pro tunc order." *Patterson v. Bracy*, 132 N.E.3d 1115, 1121 (Ohio Ct. App. 2019). And the *subsequent* 2019 finding by the Ohio Court of Appeals for the Fifth District of Ohio that count two was an allied offence that merged into count one is consistent with the record and prior court decisions examining the initial sentencing in 2009. *See Patterson*, No. 2019-CA-00110, 2019 WL 6834840, at *2. It cannot be said that "the record must '*compel* the conclusion that the [state] court had no permissible alternative' but to arrive at the contrary conclusion." *Carter*, 900 F.3d at 768 (quoting *Rice*, 546 U.S. at 341–42).

Next is Patterson's challenge to the Ohio court of appeals' finding that jeopardy didn't attach to his void sentence. The Double Jeopardy Clause prohibits resentencing when a defendant developed a legitimate "expectation of finality in the original sentence." *United States v. DiFrancesco*, 449 U.S. 117,

---

[7]     The trial court issued both nunc pro tunc entries on July 20, 2017. Doc. 9-1, at 477, 492. One purported to apply to the May 2009 sentencing and the other purported to apply to the June 2015 resentencing. Doc. 5-1, at 477, 492. Both stated that Patterson was sentenced to three years on count two, current to the sentence in count one, and merged the three-year firearm specification into count one. *Id*. at 480–81, 494.

138–39 (1980). Patterson alleges that he had an expectation of finality in his original three-year prison term on count two because he didn't attack his sentence on count two—he only attacked his conviction and sentence on count one. Doc. 8, at 20, 23–26. But count one necessarily implicated count two because count two had merged into count one, so both sentences were void.[8] *See Patterson*, 2019 WL 6834840, at *3. Patterson's successful challenge to his conviction on count one put count two back into play.

In *Bozza v. United States*, 330 U.S. 160, 166 (1947), the Supreme Court held that the Double Jeopardy Clause was not violated when the trial court corrected a sentence by later adding a mandatory fine to a previously imposed term of imprisonment. The Court explained:

> The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. In this case the court only set aside what it had no authority to do, and substituted directions required by the law to be done upon the conviction of the offender. It did not twice put petitioner in jeopardy for the same offense. That sentence as corrected, imposes a valid punishment for an offense instead of an invalid punishment for that offense.

*Bozza*, 330 U.S. at 166–67 (internal citations and quotation marks omitted). Here, the trial court set aside a void conviction and sentence on count one and imposed a new sentence on count two—"a valid punishment." *See id.* Patterson

---

[8]     Patterson challenged his conviction as void on count one in 2015. Doc. 5-1, at 279; Doc. 5-2, at 468, 470. So his reliance upon the trial court's questionable 2017 nunc pro tunc entries as the basis of his *expectation of finality* when count one was voided, Doc. 8, at 20, is not persuasive.

cites federal criminal cases from other circuits and United States Supreme
Court cases in support of his claim, Doc. 8, at 21–25, but none of those cases
are on point with the facts of this case. Patterson hasn't shown that the Ohio
court of appeals' decision was "so lacking in justification that there was an
error well understood and comprehended in existing law beyond any possibility
for fair-minded disagreement." *Harrington*, 562 U.S. at 103. Ground two fails
on the merits.

> *Ground one fails on the merits*[9]

In Ground one, Patterson argues that the trial court violated the Double
Jeopardy Clause when the court in 2019 resentenced Patterson after his
sentences had expired.[10] Doc. 1, at 5; Doc. 1-1, at 6; Doc. 8, at 16–17. Patterson
explains that he was taken into custody for the charges in his criminal case in
January 2009. Doc. 1-1, at 6. After trial, in May 2009, the court sentenced
Patterson to a 20-year prison sentence, including 13 years for count one and
the attendant three-year firearm specification. Doc. 5-1, at 17. In March 2019

---

[9]     The Warden alleges that Ground one is procedurally defaulted. Docs. 9,
16. I ordered the Warden to provided supplemental briefing on the procedural
default issue and to brief the merits of Ground one. Doc. 15. The Warden filed
her supplemental briefing. Doc. 16. In this report and recommendation, I
address Ground one on the merits. *See Mahdi v. Bagley*, 522 F.3d 631, 635 (6th
Cir. 2008) ("[F]ederal courts are not required to address a procedural-default
issue before deciding against the petitioner on the merits") (citation omitted).

[10]    In his Appendix, Patterson cites to and complains of various other
actions by the state courts in 40 paragraphs containing parts and sub-parts.
*See, e.g.*, Doc. 1-1, at 6–11. In his Traverse, Patterson homes in on the actual
claim Ground one alleges—that the trial court resentenced Patterson after his
sentence had expired. Doc. 8, at 16–20. I do the same.

the Ohio court of appeals determined that count one was void and remanded Patterson's case back to the trial court for a resentencing. Doc. 5-1, at 987. The trial court resentenced Patterson in April 2019. *Id*. at 734. But by then, Patterson alleges, he had served the remaining "aggregate ten-years prison term remain[ing] for count[s] two … three … and … four." Doc. 1-1, at 7. And so, Patterson states, his sentence had expired when the trial court resentenced him, violating the Double Jeopardy Clause and Patterson's expectations of finality. *Id*, at 7, 10; Doc. 8, at 16–17.

As I explained above when discussing Ground one, the trial court in 2009 merged count two into count one at sentencing. So Patterson's argument that he had already served a three-year sentence on count two, Doc. 1-1, at 7, is wrong because Patterson didn't receive a valid sentence on count two.

Patterson's calculation stems from his belief that when count one was declared void, count two somehow evaporated and thus he wouldn't have to serve a lawful sentence for it. Patterson has not identified United States Supreme Court precedent that supports such a conclusion.

To recap: in counts one and two, Patterson was found guilty of attempted felony murder and felonious assault, respectively, for shooting Alston, which left Alston paralyzed. Doc. 5-1, at 9–10, 17; *Patterson*, 2010 WL 2595181, at *2. Both counts carried a three-year firearm specification. Doc. 5-1, at 9–10, 17. In count three, Patterson was found guilty of felonious assault for shooting at Maddox and grazing him with a bullet. *Patterson*, 2010 WL 2595181, at *2.

33

Count three also carried a three-year firearm specification. Doc. 5-1, at 10, 17. At sentencing, the trial court merged count two with count one and sentenced Patterson to thirteen years on count one and six years on count three, including the three-year firearm specifications on those counts, and a one-year sentence for count four. Doc. 5-1, at 9. After the law on attempted felony murder in Ohio changed, the Ohio court of appeals declared void count one. *Patterson v. Bracy*, 132 N.E.3d at 1121. That left counts two and three, felonious assault against two different victims, which carry mandatory and consecutive firearm specifications. *See* Doc. 5-1, at 16–17 (2009 sentencing entry); Doc. 5-2, at 465–66 (2009 sentencing hearing); *see also* Ohio Rev. Code § 2929.14(B)(1)(g) (a court "shall" impose at least two mandatory firearm specifications if a defendant is convicted of two or more felonies, including felonious assault); *State v. Gervin*, 79 N.E.3d 59, 94 (Ohio Ct. App. 2016) (Ohio law requires the trial court to impose consecutively a mandatory three-year prison term on a gun specification attached to a felonious assault conviction). So to find that Patterson had already served his "aggregate" sentence when he was resentenced in 2019, Doc. 1-1, at 7, would mean that Patterson would escape punishment for shooting Alston.[11] Double jeopardy jurisprudence doesn't

---

[11] Patterson relies on the trial court's July 2017 nunc pro tunc sentencing entry to support his calculation. Doc. 1-1, at 6. Even if that entry were valid, which it wasn't, Patterson would have had three years left to serve when he was resentenced in 2019 because count two carried a mandatory consecutive three-year firearm specification. *See* Ohio Rev. Code § 2929.14(B)(1)(g); *Gervin*, 79 N.E.3d at 94.

condone or require that outcome. *See Bozza*, 330 U.S. at 166 ("This Court has rejected the 'doctrine that a prisoner, whose guilt is established by a regular verdict, is to escape punishment altogether because the court committed an error in passing the sentence.'") (citation omitted).

The trial court's 2019 "sentence as corrected[] imposes a valid punishment for an offense instead of an invalid punishment for that offense" and "did not twice put [Patterson] in jeopardy for the same offense." *Bozza*, 330 U.S. at 167; *Pearce*, 395 U.S. at 717. Patterson doesn't allege that he wasn't credited for the time he served. And he obtained at his 2019 resentencing an aggregate sentence that was six years shorter than his original sentence, so it's unclear what he pins his *expectation of finality* on. Ground one fails on the merits.[12]

*Ground three fails on the merits*

In Ground three, Patterson alleges that his due process rights were violated when the trial court at Patterson's 2019 resentencing increased his sentence on count two without explanation. Doc. 1-1, at 12. Patterson argues that an "increased sentence by the same sentencer is presumptively vindictive." *Id*. at 13.

---

[12]    Because I don't address whether Ground one is procedurally defaulted, there is a question as to which standard of review applies—deferential review under AEDPA or de novo review. *See, e.g., Rice v. White*, 660 F.3d 242, 252 (6th Cir. 2011). I need not resolve that issue because Ground one fails under either standard.

A trial court may resentence a defendant to a greater sentence after a successful appeal, so long as the court isn't motivated by vindictiveness. *North Carolina v. Pearce*, 395 U.S. 711, 723–25 (1969). "[W]henever a judge imposes a more severe sentence upon a defendant … the reasons for … doing so must affirmatively appear." *Id*. at 726. *Pearce* was interpreted, over time, to create "a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence." *Goodell v. Williams*, 643 F.3d 490, 496 (6th Cir. 2011) (quoting *United States v. Goodwin*, 457 U.S. 368, 374 (1982)). But subsequent cases have reined in *Pearce's* application:

> Because the *Pearce* presumption "may operate in the absence of any proof of an improper motive and thus ... block a legitimate response to criminal conduct," *United States v. Goodwin*, *supra*, 457 U.S., at 373, 102 S.Ct., at 2488, we have limited its application, like that of "other 'judicially created means of effectuating the rights secured by the [Constitution],'" to circumstances "where its 'objectives are thought most efficaciously served,'" *Texas v. McCullough*, *supra*, 475 U.S., at 138, 106 S.Ct., at 979, quoting *Stone v. Powell*, 428 U.S. 465, 482, 487, 96 S.Ct. 3037, 3046, 3049, 49 L.Ed.2d 1067 (1976). Such circumstances are those in which there is a "reasonable likelihood," *United States v. Goodwin*, *supra*, 457 U.S., at 373, 102 S.Ct., at 2488, that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness, *see Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

36

*Alabama v. Smith*, 490 U.S. 794, 799–800 (1989); *see also Goodell*, 643 F.3d at 500.

The Ohio court of appeals discussed *North Carolina v. Pearce* and *Alabama v. Smith* and found:

> {¶20} Appellant has not proven actual vindictiveness in the instant case. The State argued for a sentence of eight years for count two of felonious assault, while Appellant argued for a sentence of three or five years. Resentencing Tr. 9. Appellant has not demonstrated vindictiveness, as the four year sentence imposed by the court was actually less than the high-end five year sentence proposed by Appellant.
>
> {¶21} The third assignment of error is overruled.

*Patterson,* 2019 WL 6834840, at *3.

To recap: in 2009, the trial court sentenced Patterson to three years on count two, but then merged count two into count one. Doc. 5-2, at 465; Doc. 5-1, at 16. In 2019, the trial court commenced a resentencing hearing on April 3. Doc. 5-2, at 474–98. At that hearing, the state suggested that the court sentence Patterson to eight years on count two and defense counsel suggested that the court sentence Patterson to three to five years on count two. Doc. 5-2, at 478, 482. The trial court asked Patterson's attorney if the attorney agreed with the state that the court had the authority to sentence Patterson de novo on count two. *See* Doc. 5-2, at 483–84. Patterson's attorney wasn't prepared to respond, so the trial court sua sponte rescheduled the hearing to give Patterson's attorney more time to respond to that legal issue. *Id*. at 483–86. At the next hearing on April 11, the court stated that it agreed with the state that

it could resentence Patterson de novo on count two and sentenced him to four years in prison—half of what state requested and the mid-point of defense counsel's suggestion. *Id*. at 503–06; Doc. 5-1, at 736.

Patterson concedes that at the April 3 hearing his counsel suggested that the trial court increase Patterson's sentence on count two, Doc. 8, at 27, as the Ohio court of appeals observed, *Patterson*, 2019 WL 6834840, at *3. But Patterson argues that at the April 11 hearing, his attorney stated that he believed that the trial court should void count one and "allow [Patterson] to serve the remaining thirteen years … on the remaining counts." *Id*. at 28; Doc. 5-1, at 502. That statement was relevant to counsel's legal argument as to *whether* the court could resentence Patterson de novo on count two. The trial court agreed with the state on that issue, *id*. at 503, and as for how long a sentence Patterson should receive on count two, Patterson's attorney's suggestion—that the court sentence Patterson to three to five years—stood unmodified. Given the fact that the state asked the court to resentence Patterson to an eight-year prison term on count two, *id*. at 478, and Patterson's counsel asked for a three-to-five-year prison term, *id*. at 482, it cannot be said that the trial court's four-year sentence—an increase of one year from the court's previously announced, voided sentence—was vindictive and triggered the *Pearce* presumption.[13] So the fact that the Ohio court of appeals did not

---

[13]     Indeed, at the April 3, 2019 resentencing hearing, the trial court stated that "out of fairness to [Patterson's counsel] and Mr. Patterson," the court continued the resentencing hearing so that counsel could consider his legal

apply the *Pearce* presumption was not an unreasonable application of Supreme Court precedent. *Smith*, 490 U.S. 794, at 799–800; *Goodell*, 643 F.3d at 500. Nor was the court's conclusion that Patterson didn't show actual vindictiveness. Ground three fails on the merits.

> *A portion of Ground four is procedurally defaulted, a portion is not cognizable, and the remainder fails on the merits*

In Ground four, Patterson argues that the trial court violated his due process and equal protection rights when it sentenced him on count two, which he describes as an "undisturbed conviction." Doc. 1, at 10; Doc. 1-1, at 14. He also complains that the trial court "applied the sentencing package doctrine, an unrecognized sentencing scheme in Ohio." Doc. 1-1, at 14.

To the extent Patterson alleges that the trial court didn't have jurisdiction to resentence him on count two because it was an "undisturbed conviction," *id.*, *see also* Doc. 8, at 14, that is the same claim Patterson raises in Ground two. As explained above, the Ohio court of appeals determined that Patterson's sentence on count one and two were void, *Patterson*, 2019 WL 6834840, at *2–3, so the court was permitted to resentence Patterson on count two.

Patterson's claim that his Equal Protection rights were violated when the trial court resentenced him on count two is procedurally defaulted because

---

arguments as to whether the court could resentence Patterson de novo on count two or not. Doc. 5-2, at 486. The trial court's concern about fairness to Patterson at resentencing doesn't show vindictiveness.

Patterson didn't raise this claim as an equal protection violation when he appealed to the Ohio Supreme Court. Doc. 5-1, at 902; *see O'Sullivan*, 526 U.S. at 845 (1999) (a petitioner must present a claim to the state appellate court and the state supreme court); *Koontz*, 731 F.2d at 368 (the "petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law."). Although Patterson cited the equal protection clause in connection with one of his other claims—that the trial court erred when it resentenced him to "consecutive sentences without making statutory mandated factfinding," Doc. 5-1, at 915—raising equal protection in a separate ground doesn't preserve the equal protection claim that Patterson alleges in Ground four. *See McMeans*, 228 F.3d at 681 (A claim is "fairly presented" only if the petitioner asserted both the factual and legal basis for the claim to the state courts). Patterson doesn't allege cause, prejudice, or actual innocence to overcome the procedural default of Ground four.

Patterson's claim that the trial court applied the *sentencing package* doctrine in violation of Ohio state law is a state law sentencing issue not cognizable on federal habeas review.[14] *See Estelle v. McGuire*, 502 U.S. 62, 67-

---

[14]    The sentencing package doctrine applies when a defendant is convicted of more than one count of a multi-count indictment and one or more counts is reversed on appeal. Under the doctrine, the district court may vacate the defendant's entire sentence and resentence the defendant. *See, e.g., United States v. Clements*, 86 F.3d 599, 601 (6th Cir. 1996); *see also State v. Saxon*, 846 N.E.2d 824, 827–28 (Ohio 2006).

68 (1991) ("a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"); *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000) (an alleged violation of state sentencing laws is not cognizable on federal habeas review) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).

And Patterson's claim that the trial court applied the *sentencing package* doctrine in violation of the Double Jeopardy clause fails on the merits. The Ohio court of appeals concluded, "[w]e find nothing in the record to demonstrate the court employed the sentencing package doctrine." *Patterson*, 2019 WL 6834840, at *3; *see also State v. Shearer*, 134 N.E.3d 933, 935–37 (Ohio Ct. App. 2019) (explaining that the *sentencing package* doctrine is not implicated when a trial court resentences a defendant after multiple sentences on allied offences are deemed void and vacated). Patterson doesn't explain how that conclusion is contrary to, or involved an unreasonable application of, United States Supreme Court precedent or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). So the portion of Ground four that is cognizable and not procedurally defaulted fails on the merits.

41

**Conclusion**

For the reasons set forth above, I recommend that Patterson's Petition be denied.

Dated: July 18, 2023

/s/ James E. Grimes Jr.
James E. Grimes Jr.
U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).